# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOHN MONTAGUE, JR.     *

Plaintiff     *

v     *     Civil Action No.ELH-13-1619

JAMES LLEWELLYN,     *
ANGELA I. PLATTER,
FREDERICK JAMES NASTRI, and     *
RICHARD J. GRAHAM
    *

Defendants
    ***

## MEMORANDUM

The above-captioned case was filed on June 4, 2013, together with a motion to proceed in forma pauperis. Because plaintiff appears to be indigent, his motion shall be granted.

Plaintiff, an inmate incarcerated at North Branch Correctional Institution ("NBCI"), raises two claims. First, he claims violations of his Fifth and Fourteenth Amendment rights in the context of a prison disciplinary hearing wherein he was denied a request to call a witness and to have video surveillance reviewed. ECF 1 at p. 4. Plaintiff was found guilty at the hearing and as a result was penalized with cell restriction and temporary loss of visitation. *Id*. Plaintiff's second claim alleges acts of retaliation by Lt. James Llewellyn and Officer Richard Graham.[1] Plaintiff states he has written numerous administrative remedy procedure requests ("ARPs") and has been involved in numerous verbal altercations with officers as a result. Additionally, he claims he was charged with a disciplinary violation, moved to a different housing unit, and placed on a special needs diet because of his disagreements with Graham.

---

[1] Defendant Angela Platter is mentioned in the context of this claim, but no wrongdoing is attributed to her. ECF 1 at p. 5.

This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-571.

In the instant case no liberty interest is implicated because the penalty imposed on plaintiff did not include a loss of diminution of confinement credits. Moreover, in prison disciplinary proceedings, there is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir.2004). As long as the hearing officer's decision

contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 323 n. 5.

Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence," *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985), and federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F.Supp. 1371, 1376 (E.D.Va.1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir.1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy. Thus, to the extent plaintiff seeks review of defendant Nastri's decision finding him guilty of a disciplinary violation, his claim that some evidence was not reviewed or he was denied a witness does not state a constitutional claim, especially in light of the absence of a loss of liberty, *i.e.*, revoked diminution credits. Therefore, plaintiff's first claim must be dismissed.

In order to prevail on a claim of retaliation, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).[2] "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

---

[2] *Compare Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) (stating that "complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim).

The Fourth Circuit has said:

> Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *Perry v. Sindermann,* 408 U.S. 593, 597 (1972). Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation. Thus, a showing of adversity is essential to any retaliation claim.

*ACL U of Maryland, Inc. v. Wicomico County*, Md. 999 F.2d 780, 785 (4th Cir. 1993) "In the prison context, we treat such claims with skepticism because '[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting *Adams*, 40 F.3d at 74).

The complaint as presented alleges no discernible exercise of a constitutional right which prompted the claimed retaliatory actions. Indeed, plaintiff readily admits to numerous verbal altercations during which he called correctional officers "hillbillies." Although plaintiff references the filing of numerous ARPs, he does not delineate the nature of those complaints. In light of plaintiff's self-represented status, however, he will be provided an opportunity to supplement this claim to clarify what conduct prompted the alleged retaliation. In supplementing the claim, plaintiff is reminded that citation of legal cases and submission of exhibits is unnecessary.

A separate Order follows.

June 6, 2013　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　United States District Judge